ORIGINAL

# In the United States Court of Federal Claims

Nos. 16-394C, 16-395C, 16-396C, 16-397C, 16-398C, 16-399C, 16-400C, 16-401C

(Filed: April 20, 2016)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RICHARD G. FRIES, JR.,

        Plaintiff,

v.

THE UNITED STATES, *et al.*,

        Defendants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FILED**

APR 2 0 2016

U.S. COURT OF
FEDERAL CLAIMS

## DISMISSAL ORDER

On March 29, 2016, *pro se* Plaintiff Richard Fries filed in this Court eight complaints against the state of Florida, private businesses, and private hospitals and doctors practicing in Florida. Below is a summary of the allegations in each of Mr. Fries's complaints.

In his first complaint, Mr. Fries brings claims against the State of Florida and Spine & Joint Management for mandatory drug and alcohol testing, extortion for mandatory urine testing, invasion of privacy, and harassment. He claims $ 1 million in damages. (Compl. at 1, Case No. 16-394C).

In his second complaint, Mr. Fries claims damages arising out of botched dental work. He alleges that a doctor at Orange Park Dental committed tortious acts against him including destruction of his teeth, coercion, extortion, "bait and switch", and "confidence trick". As a result of the alleged faulty dental care, Mr. Fries claims he needed to travel to Tokyo, Japan for further care resulting in $2.5 million in damages. (Compl. at 1-2, Case No. 16-395C).

In his next complaint, Mr. Fries claims $1 million in damages from MJ Altman Companies, Inc. and Consolidated Laboratory Services for illegal drug testing and

harassment. The Court construes Mr. Fries's complaint to allege that the companies' illegal drug testing and harassment caused him certain financial setbacks related to his condominium and monthly dividend payments. For support, Mr. Fries asserts that the Eleventh Circuit has held that "Florida law/mandatory drug testing is unconstitutional, violate[s] the protection against unreasonable searches." (Compl. at 1, Case No. 16-396C).

In the fourth complaint, Mr. Fries alleges that the State of Florida and Midas Total Car Care committed "discrimination" and a "bait and switch" for refusing to honor a coupon Mr. Fries proffered for front brake pads and other routine maintenance to his vehicle. He pleads $1 million in damages. (Compl. at 1, Case No. 16-397C).

Mr. Fries's allegations in his fifth complaint again involve purported illegal drug and alcohol testing. He contends that the State of Florida, the United States government through Riverside Pain Physicians subjected him to illegal drug and alcohol testing contravening Eleventh Circuit precedent. He claims $1 million in damages. (Compl. at 1, Case No. 16-398C).

Next, Mr. Fries contends that the wireless carrier T-Mobile overcharged him when it disallowed the "federal government life line discount" on his wireless bill. Specifically, he alleges that the state of Florida and T-Mobile engaged in "harassment, price fixing, over charging, [and] discrimination." As a result of the claimed wrongdoing, Mr. Fries contends he suffered financial hardships that resulted in negative credit ratings. He is requesting $1 million in damages. (Compl. at 1, Case No. 16-399C).

In his seventh complaint, again, Mr. Fries brings claims against the State of Florida and Midas Total Car Care. (Compl. at 1, Case No. 16-400C). This complaint is identical to Mr. Fries's fourth complaint. (Compare Compl. at 1, Case No. 16-397C with Compl. at 1, Case No. 16-400C).

In his final complaint, Mr. Fries brings further claims regarding unconstitutional drug testing. This time, he lists the State of Florida and AccMed Health Care Systems, LLC d/b/a Florida Spine Care and Pain Center as defendants. (Compl. at 1, Case No. 16-401C). He requests $1 million in damages. (Id.)

Because Mr. Fries is proceeding *pro se*, the Court must liberally construe his pleadings to "see if he has a cause of action somewhere displayed." Stroughter v. United States, 89 Fed. Cl. 755, 760 (2009) (internal citation omitted). The Court takes this duty seriously and has reviewed Mr. Fries's complaints carefully; however, it cannot discern any plausible causes of action therein. See, e.g., Rockefeller v. Chu, 471 F. App'x 829, 830 (10th Cir. 2012) ("[A] court may . . . dismiss a complaint under [Federal] Rule [of

3

Civil Procedure] 12(b)(6) for failure to state a claim if it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." (internal quotation omitted)); see also Stroughter, 89 Fed. Cl. at 760 ("Although *pro se* plaintiffs are given some leniency in presenting their case, their *pro se* status does not immunize them from pleading facts upon which a valid claim can rest[.]" (internal citation omitted)).

Although the Court should exercise leniency with respect to mere formalities with a *pro se* party, it may not take a similarly liberal view with jurisdictional requirements. See Nasharr v. United States, 105 Fed. Cl. 114, 117 (2012); accord Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("We agree that leniency with respect to mere formalities should be extended to a *pro se* party, . . . [but] a court may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only."). The Tucker Act, 28 U.S.C. § 1491, limits the Court's jurisdiction to civil suits against the United States for money damages not sounding in tort. However, Mr. Fries alleges criminal and tortious wrongdoing by the state of Florida, hospitals, and private companies and individuals. The Court finds no set of facts in the filed pleadings that demonstrates a claim against the United States, or that falls within this Court's Tucker Act jurisdiction. Thus, the Court finds that any further expenditure of governmental resources in preparing defenses to Mr. Fries's claims would be a waste of public funds.

Furthermore, the public record demonstrates that Mr. Fries has a history of making similar baseless accusations. In the past five months, Mr. Fries has filed ten cases against the state of Florida and private businesses and doctors in this Court. (Case Nos. 15-647C, 16-758C, 16-394C, 16-395C, 16-396C, 16-397C, 16-398C, 16-399C, 16-400C, and 16-401C). Not one of these ten cases has resulted in a judgment in favor of the plaintiff. In fact, the Court has dismissed all ten cases as frivolous.

Accordingly, for the foregoing reasons, Mr. Fries's complaints in cases 16-394C, 16-395C, 16-396C, 16-397C, 16-398C, 16-399C, 16-400C, and 16-401C are DISMISSED for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction. The Clerk is directed to dismiss Plaintiff's complaint without prejudice. Further, the Court DISMISSES AS MOOT Mr. Fries's applications to proceed *in forma pauperis*. Due to the multiplicity of frivolous suits, the Court directs the Clerk of Court not to accept any complaints or other filings from Mr. Fries without the written consent of the undersigned.

IT IS SO ORDERED.

Thomas C. Wheeler
THOMAS C. WHEELER
Judge